IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW HANTZIS, #45212-057                                         PETITIONER

VERSUS                                      CIVIL ACTION NO. 5:09cv16-DCB-MTP

ERIC HOLDER, Attorney General;
BARACK OBAMA, President;
and BRUCE PEARSON, Warden                                          RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Complex (FCC-Yazoo), Yazoo City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. The named respondents are Eric Holder, Attorney General, Barack Obama, President; and Bruce Pearson, Warden. Petitioner filed this action on February 11, 2009, and was granted in forma pauperis status.

The petitioner complains that on February 6, 2009, he was confined unlawfully in the Special Housing Unit (S.H.U.) at FCC-Yazoo. The petitioner alleges that the respondents have placed him in S.H.U. because he has requested a notary and he is litigating several lawsuits. Simply put, the petitioner claims that the defendants are attempting to prevent him from access to the courts by placing him in S.H.U. Additionally, the petitioner contends that his unlawful confinement in S.H.U. is in violation of the Fort Laramic Treaty of 1868.

Analysis

Federal prisoners may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). However, "habeas is not available to review questions

unrelated to the cause of detention." Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976). The United States Court of Appeals for the Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." Id. at 935-36, see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).

Having liberally construed the instant petition, this court finds that the petitioner is not challenging the Bureau of Prisons' execution or calculation of his federal sentence. Clearly, he is challenging the conditions of his confinement at FCC-Yazoo, *i.e.*, where he is housed while incarcerated at FCC-Yazoo. The issues presently before this court have nothing to do with a claim of early release from his incarceration with the Bureau of Prisons. Therefore, these complaints are not the proper subject of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and this habeas corpus petition will be dismissed without an evidentiary hearing.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2241 attacking the conditions of his confinement in FCI-Yazoo. The petitioner has not presented an arguable claim for habeas corpus relief. As such, this petition filed pursuant to § 2241 shall be dismissed with prejudice without an evidentiary hearing and his conditions of confinement claims are dismissed without prejudice so that the petitioner may

pursue those claims in the proper manner.

SO ORDERED this the <u>  30th  </u> day of <u>     March         </u>, 2009.


<u>    s/ David Bramlette              </u>
UNITED STATES DISTRICT JUDGE